UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALMA CURETON,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )        Civil Action No. 1:19-cv-00591 (UNA)
                                       )
                                       )
PEPCO,                                 )
                                       )
                Defendant.             )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a complaint and an accompanying application to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Washington. D.C., sues the Potomac Electric Power Company ("PEPCO"), also located in Washington D.C. Plaintiff raises issues regarding a decision rendered by the Public Service Commission of the District of Columbia ("D.C. PSC"). Though she disagrees with the findings of the D.C. PSC, she primarily alleges that defendant is refusing to comply with its responsibilities mandated by the relevant decision. She requests that her current owed balance of $2,430.43 be held in abeyance and demands damages in the amount of $10,000.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such

facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff has failed to establish diversity jurisdiction or to state a federal question.

The exclusive remedy for appealing or challenging decisions rendered by the D.C. PSC lies within the administrative process of that agency and with the District of Columbia Court of Appeals. *See* D.C. Code §§ 35-604–609. As pled, and to the extent that plaintiff alleges breach of contract or of the D.C. PSC decision, she must bring this type of claim to either the PSC, the District of Columbia Superior Court, or the District Columbia Court of Appeals. *See id.*; *see also* D.C. Code § 11–921.

Therefore, this complaint [1] and this case are dismissed for want of subject matter jurisdiction. Plaintiff has also filed a motion for temporary restraining order [3], which is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: April ___16___, 2019          _____
                                     United States District Judge